LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-01176 (BRO) (DTBx) | Date | August 27, 2014 |
|---|---|---|---|
| Title | WILLIAM J. VERDULT V. RON G. BUSH, ET AL. | | |

Present: The Honorable   **BEVERLY REID O'CONNELL, United States District Judge**

| Renee A. Fisher | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS)

**ORDER TO SHOW CAUSE RE FAILURE TO OPPOSE DEFENDANT'S MOTION TO DISMISS**

Pending before the Court is Defendant Ron G. Bush's Motion to Dismiss or Motion to Extend Time to Answer.[1] (Dkt. No. 14.) After Bush filed his motion, the Court set a hearing date for September 15, 2014. (Dkt. No. 15.) Under the Court's Local Rule 7-9, a party must oppose a motion at least 21 days prior to the scheduled hearing date. C.D. Cal. L.R. 7-9. Accordingly, Plaintiff's opposition to Bush's motion was due no later than August 25, 2014. As of today, Plaintiff has not filed an opposition. Pursuant to the Court's Local Rule 7-12, failure to file an opposition "may be deemed consent to the granting . . . of the motion." C.D. Cal. L.R. 7-12.

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE why Bush's motion should not be granted. Plaintiff's response to this order to show cause must be filed **no later than Friday, September 5, 2014, at 4:00 p.m.** An appropriate response to this order will include reasons demonstrating good cause for Plaintiff's failure to file an opposition to Bush's motion.

**IT IS SO ORDERED.**                                                                                              :

Initials of Preparer        rf

---

[1] Defendant Bush purports to file this motion on behalf of all named defendants in this matter. (*See* Dkt. No. 14 at 3.) The Court's Local Rule 83-2.2.1 provides that "[a]ny person representing himself or herself in a case without an attorney must appear *pro se* for such purpose. That representation may not be delegated to any other person." Local Rule 83-2.2.2 also states that "[o]nly individuals may represent themselves *pro se*. No organization or entity of any other kind . . . may appear in any action or proceeding unless represented by an attorney permitted to practice before this Court under L.R. 83-2.1." Accordingly, the Court will consider Defendant Bush's motion to be filed only on his own behalf.